IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JEFFREY C. THOMPSON                                                    PLAINTIFF

v.                          Case No.: 07-5228

JUDGE MARY A. GUNN;
ROBERT R. ESTES, JR.;
ANGELA R. THOMPSON                                          DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Jeffery C. Thompson ("Plaintiff"), currently an inmate at the Washington County Jail, filed this Civil Rights Action under 42 U.S.C. § 1983. He proceeds pro se and *in forma pauperis*. The Complaint was provisionally filed prior to a determination regarding service of process.

**1. BACKGROUND**

Plaintiff brings this action under Section 1983. Through the Complaint (Doc. 1) and supplement (Doc. 5) Plaintiff seeks to have the Western District of Arkansas take over jurisdiction of his civil divorce case and overturn the modification of his divorce decree. Plaintiff has named as a Defendant Judge Gunn, the judge who presided over his divorce case and granted a divorce to Plaintiff in 2006. Plaintiff has also named as Defendants Anglea Thompson, his former spouse, and Robert Estes, her attorney. On February 4, 2007, Defendant Thompson petitioned for modification of the divorce decree – through a petition prepared by Defendant Estes. Plaintiff alleges the Petition falsely states he had committed rape and kidnaping. Defendant Thompson sought sole custody of Plaintiff and Defendant Thompson's children, with no visitation by Plaintiff.

Plaintiff alleges that he was falsely accused, charged, and incarcerated for rape and kidnaping on charges made by Defendant Thompson. Judge Gunn signed the arrest and search warrants.

Plaintiff further state he was unable to respond to the Petition and was not transported from the detention center for the hearing.

In his supplement, Plaintiff clarifies that he is asking for the jurisdiction of his divorce and custody proceedings be transferred to the United States District Court for the Western District of Arkansas as he does not believe he will be treated fairly in the Circuit Court of Washington County.

## 2. DISCUSSION

### A. Plaintiffs claims against Defendant Thompson and Defendant Estes

Plaintiff has named Angela Thompson and Robert Estes as a Defendants in his lawsuit. From the Complaint, it is clear these Defendants are not a state actors and amenable to suit under 42 U.S.C. § 1983. Private actors may incur Section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law. *See Miller v. Compton,* 122 F.3d 1094, 1098 (8th Cir. 1997). The plaintiff must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States. *See Mershon v. Beasley,* 994 F.2d 449, 451 (8th Cir.1993); *see also Dossett v. First State Bank*, 399 F.3d 940, 951 (8th Cir. 2005) (under § 1983, plaintiff must establish not only that private actor caused deprivation of constitutional rights, but also that private actor willfully participated with state officials and reached mutual understanding concerning unlawful objective of conspiracy).

In his Complaint, Plaintiff does not allege any conspiracy with Defendants Thompson and Estes and the state actor Defendant Judge Gunn. Rather, Plaintiff only alleges that Thompson and Estes filed for modification of a divorce decree, and in that Petition made false statements upon which a warrant and arrest was based. Accordingly, Plaintiff's claims against Defendants Thompson

and Estes should be dismissed.

### B.  Plaintiff's Claims Against Judge Gunn

Plaintiff names Judge Gunn as a Defendant in this suit.  This these claims are subject to dismissal as Judge Gunn is immune from suit.  *See Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.").  *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations:  (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *See Mireles*, 502 U.S. at 11.  It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity."  *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 (1984)).  "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309 (c)), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210.  As amended by the FCIA  § 1983 now precludes injunctive relief against  a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a  declaratory decree was violated or declaratory relief was unavailable."  42 U.S.C. § 1983.

Plaintiff does not allege that either of these prerequisites for injunctive relief are met.  Thus, to the extent Plaintiff seeks injunctive relief his claims are subject to dismissal.  *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999) (holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999) (dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable).

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm."  *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada,* 828 F.2d 1385, 1392 (9th Cir. 1987) (citations omitted).  Equitable relief is not appropriate where an adequate remedy under state law exists.  *See Pulliam*, 466 U.S. at 542 & n. 22.  *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989).  An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ.  *See Mullis*, 828 F.2d at 1392 (citation omitted); *see also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997) (appellate review of conviction provides plaintiff an adequate remedy under state law); *see also J&M Mobile Homes, Inc. v. Hampton*, 60 S.W.3d 481 (2001) (discussing when a writ of prohibition is appropriate).   Here Plaintiff had an adequate remedy at law and is not entitled to equitable relief.

C.  Lack of Jursidiction

Plaintiff's claims are also due to be dismissed for lack of jurisdiction in Federal Court.  It is

clear from Plaintiff's Complaint and Supplement he is wishing this court to oversee the modification of divorce decree entered by the state court. The United States District Court for the Western District of Arkansas has no jurisdiction for the relief Plaintiff requests. *See Ankembrandt v. Richards*, 112 S. Ct. 2206, 2209-13 (1992) (reaffirming domestic relations exception to federal court jurisdiction).

**3. CONCLUSION**

For the reasons stated, I recommend that Plaintiff's Complaint (1) and Supplement (5) be dismissed on the grounds these individuals are immune from suit, are not state actors for purposes of Section 1983 liability, and for lack of jurisdiction in the federal court. *See* 28 U.S.C. § 1915(e)(2)(B)(I)-(iii) (IFP action may be dismissed on such grounds at any time).

**Plaintiff has ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 7th day of February 2008.**

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE